DOWNING, J.
hi respectfully dissent. This case involves not only a breach of professionalism in that notice was not provided to an attorney who requested notice, it involves a violation of constitutional due process. In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15, 70 S.Ct. 652, 657-58, 94 L.Ed. 865 (U.S.1950), the Supreme Court instructed us:
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
[[Image here]]
But when notice is a person’s due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to |ainform those affected, ..., or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.
It would be idle to pretend that publication alone as prescribed here is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper’s normal circulation *338 the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when as here the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention. In weighing its sufficiency on the basis of equivalence with actual notice we are unable to regard this as more than a feint. (Citations omitted.)
Clearly, an attorney who on behalf of his clients requests notice is an interested party entitled to actual notice. These Múl-lame precepts should apply even more so to parties who identify themselves through their attorney and specifically request notice.
The Constitutional right to due process trumps peremption. Accordingly, I would remand for a hearing.